## S99Y1511. IN THE MATTER OF RONALD M. LAWRENCE.
(520 SE2d 895)

PER CURIAM.

This disciplinary matter is before the Court on the Petition for Voluntary Discipline of the respondent, Ronald M. Lawrence. The State Bar and the special master appointed by this Court to conduct

---

an investigation recommend that the Court accept Lawrence's Petition. Lawrence admits violating Standards 4 (professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation); 30 (continued representation of a client, without first, after full disclosure, obtaining the written consent of or providing written notice to the client, when the exercise of the lawyer's professional judgment on behalf of the client will be or reasonably may be affected by his own financial, business, property or personal interests); 33 (entering into a business transaction with a client, without consent of the client after full disclosure, when the lawyer and the client have differing interests therein and the client expects the lawyer to exercise his professional judgment therein for the protection of the client); 44 (wilfully abandoning or disregarding a legal matter entrusted to him without just cause); and 65 (failure to account for trust property, including money and interest paid on the client's money, if any, held in a fiduciary capacity) of Bar Rule 4-102 (d) in his representation of a client in a real estate investment and in the probate of her mother's will.

Lawrence was retained by the client in March 1991 to probate her mother's will, in which the client and her sisters were beneficiaries. As the will had to be probated in the state of New York and Lawrence was not licensed in New York, he filed an application to appear Pro Hac Vice. The client paid Lawrence a retainer of $3,500 plus filing fees and, in November 1991, Lawrence received an additional $32,000 from the estate, which he deposited into his lawyer trust account, and subsequently filed an application for extension of time to file and/or pay the estate tax with the New York State Department of Taxation and Finance. Although Lawrence paid $23,000 in estimated estate taxes, he never filed the final tax documents on behalf of the estate and in November 1997, another attorney wrote to Lawrence on the client's behalf demanding that Lawrence return the balance of money remaining after payment of the estate taxes. Lawrence spent the balance of the money to pay fees and expenses associated with the estate but had not provided the client with an accounting for the money or his time since he paid the estimated taxes.

In or about May 1992, during the time he was representing the client in the probate matter, Lawrence was involved in a real estate venture and discussed the investment with his brother, who informed Lawrence that three of the estate beneficiaries were interested in investing in the real estate venture.[1] Lawrence received $30,000 and $80,000, from the beneficiaries and his brother, respec-

---

[1] Lawrence and his brother are related to the beneficiaries through marriage.

tively, for the investment. Lawrence's brother was not a client and the investment monies were not funds of the estate. In the corporation that subsequently acquired the investment property, Lawrence owned a fifty-one percent interest with the beneficiaries and his brother owning ten percent and thirty percent interests respectively. The beneficiaries did not receive a return on their investment and Lawrence eventually filed Chapter 11 bankruptcy, on January 2, 1996, on behalf of the corporation without informing the beneficiaries or his brother or providing them with an accounting.

Lawrence admits that by virtue of his conduct, he violated Standards 4, 30, 33, 44, and 65 of Bar Rule 4-102 (d). In his petition, filed pursuant to Bar Rule 4-227 (c), Lawrence requests that this Court impose a 60-day suspension from the practice of law, with conditions including the repayment of the invested funds and attendance at Ethics School, as an appropriate sanction in this case. We note that a violation of either Standards 4, 30, 44 or 65 (A) may be punished by disbarment, with a violation of Standard 33 being punishable by a public reprimand, and find in aggravation, that Lawrence has a prior disciplinary offense for violating Standards 22 and 44 of Bar Rule 4-102 (d) and for which he received a Review Panel reprimand. However, in mitigation, this Court considers the fact that Lawrence was experiencing personal problems with his family during the relevant time period; had no selfish or dishonest motives in either the probate or real estate matters; has made full and free disclosure to the disciplinary board; and has displayed a cooperative attitude toward the proceedings.

We have reviewed the record and agree with the special master that a 60-day suspension with conditions is an appropriate sanction in this case. Accordingly, Lawrence is hereby suspended from the practice of law in Georgia for a period of 60 days from the date of this opinion. Prior to his reinstatement, Lawrence must meet the following conditions: (1) repay the estate beneficiaries and his brother full investment monies with interest at the rate of five percent from the date of investment or make payment arrangements, acceptable to the beneficiaries and his brother, and produce evidence of their acceptance of any repayment plan to the State Bar of Georgia;[2] and (2) attend Ethics School sponsored by the State Bar of Georgia at Lawrence's expense at the next available time.

Lawrence is reminded of his duties under Bar Rule 4-219 (c).

*Sixty-day suspension with conditions on reinstatement. All the Justices concur.*

---

[2] Should the estate beneficiaries or the brother wish to remain in the investment, Lawrence must produce evidence of their desire to do so to the State Bar of Georgia.

DECIDED SEPTEMBER 13, 1999 —
RECONSIDERATION DENIED OCTOBER 15, 1999.

*William P. Smith III, General Counsel State Bar, Elizabeth M. Williamson, Assistant General Counsel State Bar,* for State Bar of Georgia.